ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEP

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   ROB B. VILLEZA (Cal. State Bar No. 142820)
4  Assistant United States Attorney
   Deputy Chief, OCDETF Section
5    1400 United States Courthouse
     312 North Spring Street
6    Los Angeles, California 90012
     Telephone: (213) 894-6579
7    Facsimile: (213) 894-0142
     E-mail: rob.villeza@usdoj.gov
8
   Attorneys for Plaintiff
9  United States of America

10              UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,      )    No. CR 10-1236-R
                                   )
13              Plaintiff,         )    CRIMINAL DOCUMENT
                                   )
14         v.                      )
                                   )    [UNDER SEAL]
15  RICKY JAMES BRASCOM,           )
    et al.,                        )
16                                 )
                Defendants.        )
17                                 )
                                   )
18                                 )
19

1 | ANDRÉ BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
ROB B. VILLEZA (Cal. State Bar No. 142820)
4 | Assistant United States Attorney
Deputy Chief, OCDETF Section
5 |
      1400 United States Courthouse
6 |   312 North Spring Street
      Los Angeles, California 90012
7 |   Telephone: (213) 894-6579
      Facsimile: (213) 894-0142
8 |   E-Mail:  rob.villeza@usdoj.gov
9 | Attorneys for Plaintiff
UNITED STATES OF AMERICA
10 |

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

                    UNITED STATES DISTRICT COURT

11 |

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 |

                         WESTERN DIVISION

13 |

UNITED STATES OF AMERICA, )      CR No. 10-1236-R
14 |                           )
             Plaintiff,    )     GOVERNMENT'S POSITION REGARDING
15 |                           )     SENTENCING FACTORS FOR DEFENDANT
        v.                 )     MARLON PARRIS
16 |                           )
RICKY JAMES BRASCOM,       )     Sentencing Date: November 7, 2011
17 | et al.,                   )     Time: 1:30 p.m.
                           )
18 |                           )
             Defendants.   )     (UNDER SEAL)
19 |                           )
     _____)
20 |

21 |     Plaintiff United States of America, through its counsel of

22 | record, Assistant United States Attorney Rob B. Villeza, hereby

23 | files its position regarding sentencing factors for defendant

24 | Marlon Parris.

25 |     The government's sentencing memorandum is based on the

26 | attached memorandum of points and authorities, the files and

27 | records in this case, and any additional argument or evidence it

28 |

1  may present at sentencing.

2       DATED: October 26, 2011.

3                           Respectfully submitted,

4                           ANDRÉ BIROTTE JR.
                            United States Attorney

5
                            ROBERT E. DUGDALE
6                           Assistant United States Attorney
                            Chief, Criminal Division

7

8       ROB B. VILLEZA

9                           Assistant United States Attorney
                            Deputy Chief, OCDETF Section

10
                                 Attorneys for Plaintiff
11                               UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### Government's Position Regarding the Presentence Report

The government concurs with the findings and guideline calculations set forth in the presentence report (PSR).

### II

### Sentencing Guideline Factors

On 6/20/11, defendant Marlon Parris ("defendant") pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), as alleged in count one of the indictment.  In his plea agreement with the government and during his guilty plea, defendant admitted that he conspired with co-defendants Ricky James Brascom ("R. BRASCOM"), Jerone Brascom ("J. BRASCOM"), Heriberto Lopez ("LOPEZ), and others, to distribute at least five kilograms of cocaine launder money.

Specifically, he admitted that, during a series of intercepted phone conversations between 9/30/10 and 10/2/10, R. BRASCOM obtained 118 kilograms of cocaine from LOPEZ and arranged for J. BRASCOM to deliver the cocaine to his distributors and collect drug proceeds in Baltimore.  On 10/1/10, at the direction of R. BRASCOM, defendant flew with the cocaine to Baltimore by charter jet, piloted by Leonardo Concepcion ("CONCEPCION").  On 10/2/10, J. BRASCOM confirmed with R. BRASCOM that he and defendant had collected drug proceeds and R. BRASCOM instructed J. BRASCOM and defendant to deliver 20 kilograms of cocaine to "M," 18 kilograms of cocaine to "Cuzzo," and 80 kilograms of cocaine to "SM."

He also admitted that, during a series of intercepted phone

3

1   conversations between 10/7/10 and 10/11/10, R. BRASCOM arranged
2   with J. BRASCOM to receive cash derived from drug trafficking to
3   help pay for the cocaine seized on 9/28/10.  On 10/7/10, J.
4   BRASCOM drove defendant to the airport with a carry-on suitcase
5   containing $240,060 in cash which defendant knew was derived from
6   drug trafficking and intended to deliver to R. BRASCOM in Los
7   Angeles.  However, when defendant's plane landed in Phoenix for a
8   connecting flight to Los Angeles, the cash was seized by police
9   after it was found in defendant's carry-on suitcase.  In a
10  subsequent intercepted call, defendant told R. BRASCOM that the
11  cash was seized by police.

12      In paragraph 17 of the plea agreement, the parties agreed to
13  the following applicable Sentencing Guidelines factors:

14  Base Offense Level  :         33   [U.S.S.G. § 2D1.1][1]
15  Adjustments
16      Mitigating Role:          -2   [U.S.S.G. § 3B1.2(b)]
17  Acceptance of
    Responsibility     :         -3   [U.S.S.G. § 3E1.1]
18  Total               :         28
19

20  According to the PSR, defendant's criminal history category is
21  II, which results in an advisory guideline range of 87 to 108
22  months.  However, a 10-year (120 months) mandatory minimum
23  penalty applies.

24      The parties further agreed not to seek, argue, or suggest in
25  any way, either orally or in writing, that any other specific

26  _____

27      [1]Pursuant to USSG 2D1.1(a)(5), the base offense level is
    decreased three levels (to 33) because the parties agreed that
28  defendant should receive a mitigating role adjustment.

4

1 offense characteristics, adjustments or departures, from either
2 the applicable Offense Level or Criminal History Category, be
3 imposed.  However, the parties reserved the right to argue for a
4 sentence outside of the guideline range based on the factors set
5 forth in 18 U.S.C. § 3553(a).

6                                   III

7                               Cooperation

8      During a proffer meeting on 6/16/11, defendant offered his
9 cooperation by providing information about co-defendants R.
10 BRASCOM, J. BRASCOM, and LOPEZ.  Specifically, he explained how
11 he was recruited by R. BRASCOM and J. BRASCOM to travel to
12 Baltimore on a charter jet loaded with cocaine.  He then went
13 with J. BRASCOM to deliver the cocaine to several distributors in
14 Baltimore and Philadelphia.  He also confirmed that he met with
15 LOPEZ, whom defendant identified as the "Boss" and oversaw drug
16 operations.  Defendant also provided locations where cocaine and
17 money was delivered or stored, and flew back to Los Angeles with
18 suitcases containing drug cash proceeds.

19      Although defendant's information has not led to additional
20 charges, arrests, or seizures, the case agent, DEA SA Jeffrey S.
21 LaRock, confirms that the information has been helpful in
22 corroborating information developed in an ongoing investigation
23 of distributors in Baltimore.

24      As such, defendant's assistance merits a sentence at the low
25 end of the advisory guideline range of 87 to 108 months, and a
26 motion pursuant to 18 U.S.C. § 3553(e), allowing for a sentence
27 below the 10-year mandatory minimum sentence.  A 33-month
28 reduction in defendant's sentence (120 months to 87 months) is

                                   5

1  fair, reasonable, and appropriate, without any further sentence
2  reduction under U.S.S.G. 5K1.1, given the limited value of the
3  information and the sentencing factors set out in 18 U.S.C. §
4  3553(a).

5      The government will consider filing a motion for a further
6  sentence reduction after sentencing, pursuant to Fed R. Cr. P.
7  Rule 35(b), if the information defendant provided becomes useful
8  in a subsequent investigation or prosecution, or if LOPEZ is
9  apprehended and defendant agrees to testify as a government
10  witness.

11                              IV

12      **The Sentencing Guidelines Provide an Appropriate Sentence**

13      Based on the guideline calculations discussed above,
14  defendant's advisory guideline range is 87 to 108 months.  A low-
15  end sentence of 87 months takes into account defendant's
16  assistance and the following considerations set out in 18 U.S.C.
17  § 3553(a).

18      1.   **Nature and Circumstances of the Offense**

19      Although defendant was part of a large-scale cocaine
20  operation involving a multi-state distribution network, he served
21  a lesser role when compared to R. BRASCOM and J. BRASCOM.   Thus,
22  the parties have agreed to a two-level reduction for minor role
23  (that also lowers the base offense level from 36 to 33).
24  However, defendant on his own concocted a story to protect R.
25  BRASCOM and J. BRASCOM when he was stopped in Denver and Phoenix
26  with a carry-on bag containing over $240,000 in cash.   (PSR
27  ¶¶ 28-31).  He gave several false stories to explain the cash,
28  telling investigators that the cash was for music promotions and

                              6

1   for his cousin, "Tyrone Brascom."  (Id.)  In an intercepted call,

2   defendant told R. BRASCOM that he had to lie to protect R.

3   BRASCOM and conceal the illegal source of the cash.  (Id.)

4       A guideline sentence would accurately reflect the

5   seriousness and scope of defendant's criminal conduct.

6       2.   **History and Characteristics of the Defendant**

7       Defendant's criminal history has been taken into

8   account as reflected in his criminal history category of II.

9   Consequently, defendant's guideline range appropriately reflects

10  the nature of his criminal conduct and criminal history.

11      3.   **Need for the Sentence Imposed**

12      The sentencing guideline sentence reflects the seriousness

13  of the drug offense, promotes respect for the law, and provides a

14  just punishment for the offense.  It also affords adequate

15  deterrence to criminal conduct by providing sufficient punishment

16  for a serious offense, while the government's recommendation of a

17  sentence below the mandatory minimum 10-year sentence and at the

18  low end of the advisory guideline range adequately factors in his

19  cooperation.

20      This guideline sentence also is calculated to protect the

21  public from further crimes of the defendant taking into account

22  his involvement in large-scale drug trafficking.

23      4.   **Need to Avoid Unwarranted Sentence Disparities**

24      Following the recommended sentencing guideline range will

25  avoid unwarranted sentence disparities among defendants with

26  similar records who have been found guilty of similar conduct.

27  Although R. BRASCOM and J. BRASCOM have not yet been sentenced,

28  their potential guideline sentences are substantially higher than

7

1  87 to 108 months.

2      Nothing in defendant's background warrants a sentence

3  outside the recommended guidelines.  Thus, a sentence within the

4  guidelines is warranted.

5                                 V

6                            CONCLUSION

7      Based on the foregoing, the government recommends a low-end

8  guideline sentence of 87 months.

8

**CERTIFICATE OF SERVICE**

I, **IAN ZULUETA,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of the United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California, 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

```
GOVERNMENT'S POSITION REGARDING SENTENCING FACTORS FOR
DEFENDANT MARLON PARRIS
```
service was:

[X] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and Mailing via United States Mail, addressed as follows:

[] Electronic Mail

[] By hand delivery

[] By facsimile as follows:

[ ] By federal express as follows:

**Elizabeth Morony, USPO**
**600 N. Spring St.**
**Los Angeles, CA 90012**

**David M. Philips**
**3853 Brockton Ave.**
**Riverside, CA 92501**

This Certificate is executed on October 27, 2011 at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

**IAN ZULUETA**